UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRELL LATREY CAPERS,
    Plaintiff,
v.                                  CASE NO. 8:20-cv-1960-T-36TGW

STEPHANIE NUNES XAVIER,
ROBIN FERNANDEZ FUSON,
WESLEY D. TIBBALS,
    Defendants.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 9), seeking a waiver of the filing fee for his amended complaint purportedly alleging "Fraud, Trespass, Violation of rights under the color of law, [and] conversion" against two state circuit judges and the mother of his child (Doc. 8, p. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The amended complaint is a rambling, nonsensical document that clearly fails to state a claim upon which relief may be granted. See Rule 8(a), F.R.Civ.P.

The basis of the amended complaint is the purported unlawful taking of the plaintiff's "property" (Doc. 8, p. 2). The "property" referenced by the plaintiff is his child (see id., p. 2, ¶6) ("The property in which [sic] was taken is my creation of my own blood and genetics."). There are no specific factual allegations of wrongdoing, just vague, conclusory allegations of an illegal taking (see Doc. 8).

As best as can be discerned, the complaint arises from an unfavorable child custody determination in state court. However, the plaintiff has not set forth facts showing that the federal court has jurisdiction over that matter. As the Supreme Court stated in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 490 n. 16 (1983) (citations omitted):

> [L]ower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial [of a claim] in a judicial proceeding ... then the district court is in essence being called on to review the state-court decision. This the district court may not do.

See also Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005) (A federal district court cannot review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). This rule applies in the context of child custody proceedings. See Moore v. Sims, 442 U.S. 415 (1979); Leidel v. The Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1546 (11th Cir.1990). In fact, the Eleventh Circuit reiterated just days ago that the federal courts may not interfere with child custody proceedings. Fox v. Florida Department of Children and Families, ___ Fed. Appx. ___, 2020 WL 5800708 (11th Cir. September 29, 2020). From all that appears, the plaintiff seeks that prohibited relief in this matter (see Doc. 8).

Furthermore, two of the defendants are state circuit judges (see Doc. 8). However, the plaintiff does not identify a legal basis for suing them. Judges are entitled to absolute judicial immunity from damages for acts or omissions associated with the judicial phase of the civil or criminal process. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Judicial immunity does not apply only in situations where the judge, acting in his or her judicial capacity, ruled "in the clear absence of all jurisdiction." Id. The plaintiff alleges no facts showing that either judge's actions did not constitute

3

a normal judicial function within the scope of his assigned jurisdiction.

Moreover, the applicant's claim that the child's mother acted under color of law is baseless. "A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Id. As pertinent here, Nunez Xavier, the child's mother, cannot be liable under section 1983 for resorting to a state tribunal to resolve a custody dispute. See id. at 1133 ("Use of the courts by private parties does not constitute an act under color of state law.").

Finally, the complaint is procedurally inadequate because it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. As discussed above, it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), F.R. Civ. P. Furthermore, each claim is not stated in a separate count. Rule 10(b), F.R.Civ.P. To the contrary, the first page of the amended complaint is a series of questions (see Doc. 8).

In sum, this complaint is frivolous. Furthermore, an

4

amendment would be futile under these circumstances. Therefore, leave to file an amended complaint is unwarranted. See Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (The district court "may properly deny leave to amend the complaint under Rule 15(a) when an amendment would be futile."). I therefore recommend that the complaint be dismissed with prejudice.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: October 2, 2020.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

5